IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ALPHONSO CUMMINGS** | * | |
| Plaintiff | * | |
| | * | CIVIL NO.  JKB-15-0293 |
| v. | * | |
| **CONCRETE PROTECTION & RESTORATION, INC.** | * | |
| | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

The Plaintiff filed a *pro se* Complaint against the Defendant alleging that he was denied employment because of racial discrimination (ECF No. 1).  The Defendant has moved to dismiss the Complaint noting that the Court lacks subject matter jurisdiction and that the Plaintiff has not demonstrated that he has exhausted his administrative remedies, that a "right to sue" letter was ever issued by the EEOC, or that such letter was attached to the Complaint as required (ECF No. 7).  The Plaintiff does not contest Defendant's argument that subject matter jurisdiction is lacking due to the absence of a "right to sue" letter (*see* ECF No. 9).

The Court has carefully examined Plaintiff's submissions.  In his *pro se* Complaint form, at Paragraph No. 10, he lists "Nov. 17, 2014" after the form's statement "I received a right to sue letter (attached copy) on the following date:."  Otherwise, in the Plaintiff's Complaint there is no reference to a "right to sue" letter, and none has been attached.

The Defendant has failed to demonstrate, directly or indirectly, that he received a "right to sue" letter.  Accordingly, the Court is without subject matter jurisdiction and the case will be DISMISSED by separate Order.

DATED this 30th day of April, 2015.

                                                   BY THE COURT:

                                          _____/s/_____
                                          James K. Bredar
                                          United States District Judge